LISA GILFORD (State Bar No. 171641)
CHRISTINE ROBERTS (State Bar No. 265396)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
Lisa.Gilford@Alston.com
Christine.Roberts@Alston.com

Attorneys for Defendant T-MOBILE USA, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ABDULLAH-EZZANI, | Case No.: |
| Plaintiff, | DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL |
| v. | |
| T-MOBILE USA, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant T-Mobile USA, Inc. ("T-Mobile") hereby notices its removal of the civil action styled *Ali Abdullah-Ezzani v. T-Mobile USA, Inc.,* Case No. 34-2013-00138559 (the "State Court Action"), from the Superior Court of the State of California for the County of Sacramento (the "State Court") to the United States District Court for the Eastern District of California.  In support of its Notice of Removal, T-Mobile respectfully

shows the Court the following:

1.      Plaintiff Ali Abdullah-Ezzani ("Plaintiff") commenced this lawsuit by filing a "Complaint for Violation of Rosenthal Fair Debt Collection Practices Act; and Telephone Consumer Protection Act" (the "Complaint") on January 18, 2013, in the State Court.  Plaintiff served T-Mobile with a Summons and a copy of the Complaint on February 13, 2013 through personal service upon its registered agent for service of process.

2.      Plaintiff asserts claims against T-Mobile for alleged violation of the federal Telephone Consumer Protection Act (the "TCPA") (47 U.S.C. § 227) and the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") (Cal. Civ. Code § 1788).  (Compl. ¶ 1).

3.      As set forth in more detail below, removal of the State Court Action to this Court is proper because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

<u>FEDERAL QUESTION JURISDICTION</u>

4.      Under 28 U.S.C. § 1331, federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.      Plaintiff's Complaint falls squarely within this grant of jurisdiction because it includes a claim under the TCPA, a federal statute.  (Compl. ¶¶ 1, 19-24).

DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL

LEGAL02/33982490v1

The United States Supreme Court has made clear that federal question jurisdiction exists over claims under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 747 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits.").

6.     Because Plaintiff's TCPA claim arises under the laws of the United States, this Court has original jurisdiction over that claim.  28 U.S.C. § 1331.

<u>SUPPLEMENTAL JURISDICTION</u>

7.     Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

8.     Plaintiff's claim for violation of the TCPA is so related to Plaintiff's claim for violation of the Rosenthal Act it forms part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367(a).  In fact, Plaintiff admits that the two claims are "ancillary" to one another (Compl. ¶ 1) and bases both claims on the exact same factual allegations.  (Compl. ¶¶ 4-16).

9.     Thus, the Court has supplemental jurisdiction over Plaintiff's Rosenthal Act claim pursuant to 28 U.S.C. § 1367.

10.     Accordingly, this case is properly removable pursuant to 28 U.S.C. §§ 1331 and 1367.

DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

11.     In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal.  *See* 28 U.S.C. §§ 1441(a), 1446.  As set forth below, T-Mobile has satisfied these requirements.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 84(b) because the United States District Court for the Eastern District of California is the federal judicial district embracing the Superior Court of California, Sacramento where the State Court Action was filed.

13.     T-Mobile files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the State Court Action.  *See* 28 U.S.C. § 1446(b).

14.     Pursuant to 28 U.S.C. § 1446(a), T-Mobile attaches hereto as Exhibit "A" a copy of all processes, pleadings, and orders served on T-Mobile in the State Court Action.

15.     Pursuant to 28 U.S.C. § 1446(d), T-Mobile will serve copies of this Notice of Removal on Plaintiff's counsel and has filed the same with the State Court clerk.

///

///

///

1    For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and

2  1367, and removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper.

3  DATED: March 14, 2013        LISA GILFORD
                                CHRISTINE ROBERTS
4                               **ALSTON & BIRD LLP**

5                               /s/Lisa Gilford
                                _____
6                               Lisa Gilford
                                Attorney for Defendant T-MOBILE USA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL
LEGAL02/33982490v1

# Exhibit A

Alston & Bird LLP

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

FILED
Superior Court Of California,
Sacramento
01/18/2013
emedina
By _____ Deputy
Case Number:
34-2013-00138559

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SACRAMENTO
## LIMITED JURISDICTION

DEPARTMENT
ASSIGNMENTS
Case Management 39
Law and Motion 53
Minors Compromise 43

|  |  |
|---|---|
| | Case No. |
| ALI ABDULLAH-EZZANI, | **COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND TELEPHONE CONSUMER PROTECTION ACT** |
| Plaintiff, | |
| vs. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| T-MOBILE USA, INC., | 2. Violation of Telephone Consumer Protection Act |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Exh. A
Pg. 6

Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.      Plaintiff, ALI ABDULLAH-EZZANI ("Plaintiff"), is a natural person residing in Sacramento County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h) and is a "person" as defined by 47 U.S.C. § 153 (10).

3.      At all relevant times herein, Defendant, T-MOBILE USA, INC. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Defendant is a "person" as defined by *47 U.S.C. § 153 (10)*.

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt for personal cellular telephone services.

5.      In or around August 2012, Defendant began numerously contacting Plaintiff on his cellular telephone, in attempting a collect a debt Plaintiff allegedly owed to Defendant.

6.      Plaintiff is informed and believes that between August 6, 2012 and August 23, 2012, Defendant called his cell phone at least sixteen (16) times in an attempt to collect the alleged debt.

Exh. A
Pg. 7

7.     Defendant placed at least three (3) collection calls to Plaintiff's cellular telephone on August 6, 2012, August 16, 2012 and August 20, 2012.

8.     Furthermore, Defendant sent Plaintiff SMS text messages to his cellular telephone in an attempt to collect the alleged debt, including, but not limited to placing three (3) SMS text messages to Plaintiff within the span of one minute on August 7, 2012.

9.     Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls and SMS text messages to Plaintiff seeking to collect the debt allegedly owed.

10.    Defendant's calls and SMS text messages constituted calls and text messages that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11.    Defendant's calls and text messages were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12.    On or about August 31, 2012, Plaintiff's counsel delivered to Defendant via United States Postal Mail a written notice of Plaintiff's representation.  Said August 31, 2012 correspondence further notified Defendant that Plaintiff had revoked any and all consent to receive communications on his cellular telephone via Defendant's Automatic Telephone Dialing System.

13.    Despite this, Defendant communicated with Plaintiff directly on or about September 27, 2012 via SMS Text Message and Defendant's Automatic Telephone Dialing System (as evidenced by Defendant's use of a pre-recorded message and/or artificial voice) in an attempt to collect the alleged debt.

14.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing Plaintiff's telephone to ring repeatedly or continuously
       with intent to harass, annoy or abuse Plaintiff (§1692d(5));

Exh. A
Pg. 8

   b)  Causing a telephone to ring repeatedly or continuously to annoy
       Plaintiff (Cal Civ Code §1788.11(d));

   c)  Communicating, by telephone or in person, with Plaintiff with
       such frequency as to be unreasonable and to constitute an
       harassment to Plaintiff under the circumstances (Cal Civ Code
       §1788.11(e)); and

   d)  Communicating directly with Plaintiff despite being notified in
       writing that Plaintiff had retained legal counsel (Cal. Civ Code
       §1788.14(c) and §1692c(a)(2).

15.   Defendant's conduct violated the TCPA by:

   a)  using any automatic telephone dialing system or an artificial or pre-recorded
       voice to any telephone number assigned to a paging service, cellular telephone
       service, specialized mobile radio service, or other radio common carrier service,
       or any service for which the called party is charged for the call (47 USC
       §227(b)(A)(iii)).

16.   As a result of the above violations of the RFDCPA, and TCPA, Defendant is
liable to Plaintiff for Plaintiff's statutory damages, costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA,
those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant
for the following:

   A.   Statutory damages for willful and negligent violations;

Complaint - 4

Exh. A
Pg. 9

B.     Costs and reasonable attorney's fees,

C.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates by reference all of the preceding paragraphs.

20.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

24.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## · PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

B.     As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to  and requests treble damages, as provided by statute, up to

Exh. A
Pg. 10

$1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

      C.      Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

          Respectfully submitted January 15th, 2013.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

Exh. A
Pg. 11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Ali Abdullah-Azzani | *FILED*<br>Superior Court Of California,<br>Sacramento<br>01/18/2013<br>emedina<br>By _____, Deputy<br>Case Number:<br>34-2013-00138659 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME:
Ali Abdullah-Ezzani v. T-Mobile USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000)  ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 15, 2013
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exh. A
Pg. 12

RECEIVED
JAN 18 2013
CIVIL

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

T-MOBILE USA, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALI ABDULLAH-EZZANI

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
02/06/2013
emedina
By_____, Deputy
Case Number:
34-2013-00138559

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Superior Court of Sacramento
*(El nombre y dirección de la corte es):*

720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: FEB - 6 2013       Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exh. A
Pg. 13

**PROOF OF SERVICE**

I, CYNTHIA F. AMBRIZ, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On March 14, 2013, I served the document(s) described as NOTICE OF REMOVAL on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

■ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2013, at Los Angeles, California.

/s/ _Cynthia F. Ambriz_
Cynthia F. Ambriz

LEGAL02/33982490v1

1

2

3

4

**Ali Abdullah-Ezzani v. T-Mobile USA, Inc.**
**United States District Court**
**Eastern District of California**
**Case No. _____**


**SERVICE LIST**


| | |
|---|---|
| Todd M. Friedman, Esq. | Attorneys for Plaintiff |
| Nicholas J. Bontrager, Esq. | |
| Suren N. Weerasuriya, Esq. | Telephone:  (877) 206-4741 |
| Law Offices of Todd M. Friedman, P.C. | Facsimile:   (866) 633-0228 |
| 369 South Doheny Drive, # 415 | |
| Beverly Hills, CA 90211 | tfriedman@attorneysforconsumers.com |
| | nbontrager@attorneysforconsumers.com |
| | sweerasuriya@attorneysforconsumers.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21